18 U.S. 181 (____)
5 Wheat. 181
LYLE et al.
v.
RODGERS.
Supreme Court of United States.

*183 March 11th. Jones, for the plaintiffs.
*186 March 15th, 1820. MARSHALL, Ch. J., delivered the opinion of the court.
*406] The question submitted to the *court on the statement of facts made by the parties were, 1st. "Whether the said letters so offered by the defendants, or any of them, are competent and sufficient evidence to prove what matters of dispute or controversy were submitted to the said arbitrators under the said bond?" 2d. "Whether the said award in the terms aforesaid, or taken in connection with the evidence so offered by the defendant (if such evidence be decided by the court to be competent and admissible), is valid, and sufficient in law?"
The matter contained in the letters was pleaded by the defendant in his rejoinder, as being part of the subject in controversy, and is, consequently, confessed by the demurrer. Had the demurrer been argued, therefore, the first question could not have arisen. But as a statement of facts has been substituted for the demurrer, we presume, the question respecting the admissibility of the evidence offered by the defendant is to be considered as if issue had been joined on the facts stated in the rejoinder. So considering it, there is, we think, no doubt, of the admissibility of the testimony, nor of its competency, taken in connection with the award itself, to prove, that a dispute existed respecting the lands mentioned in those letters, which was brought before the arbitrators.
We proceed to the second question, which respects the validity of the award. The first exception taken to this award is, that it omits to state whether the sum due from Jerusha Dennison, was due from her in her own *407] right, or as *administratrix of Gideon Dennison. The claims upon her in both characters, are submitted to the referees; and they ought to have decided upon all, and to have distinguished between those which she was required to pay, in her representative character, and those for which she was bound personally. Had this case been depending in chancery, where alone the two claims could have been united in one suit, the chancellor would unquestionably have discriminated between them; and would, in his decree have ascertained in what character the whole sum was to be paid, or how much was to be paid in each. If this award was made against Mrs. Dennison, as administratrix, she would not only be deprived, by its form, of the right to plead a full administration (a defence which might have been made before the arbitrators, and on which their award does not show certainly, that *187 they have decided), but also of the right to use it in the settlement of her accounts, as conclusive evidence that the money was paid in her representative character. If this objection to the award is to be overruled, it must be on the supposition, that it is made against her personally; yet the statement of facts shows the claim against her to be in her representative character. There is certainly a want of precision in this part of the award, which exposes it to solid objection, and might subject Mrs. Dennison to serious inconvenience.
The second exception to which this court will advert, affects still more deeply the merits of the award, as well as its justice. It is apparent from the pleadings in the cause, *from the facts stated, and from the award [*408 itself, that titles to land were deposited by Gideon Dennison, in his lifetime, with the plaintiffs, as collateral security for the debt claimed by them and that the conveyances purported to be absolute. Not only was there uncertainty so as to right of redemption; but it was, so far as the court can discover, absolutely uncertain what lands had been conveyed. This subject appears to have been brought before the arbitrators, and they have awarded upon it. Is their award sufficiently certain, to give Jerusha Dennison the benefit they intended her? They have awarded "that the said Joshua B. Bond and James Lyle shall reconvey or release, as the case may require, all lands heretofore conveyed or pledged to them by the late Gideon Dennison, as a collateral security." The award does not determine what lands were so conveyed. If the arbitrators had directed that all the lands conveyed or pledged by Gideon Dennison should be reconvey, there would have been some difficulty in ascertaining what lands had been conveyed or pledged, from the uncertainty where deeds might have been recorded, and whether grants might not have been deposited, without a conveyance; but they have directed that those lands only shall be reconveyed, which have been conveyed or pledged as collateral security. No one of these deeds exhibited on its face any mark of its being made as a collateral security. The question whether a conveyance was absolute, or as a security only, was a material question, which ought to have been decided by the arbitrators. They have not decided *it, but have left it open to be decided by [*409 the parties themselves, or by some other tribunal. This is a very important part of the award, and with respect to this subject, it is incomplete. It is obviously as uncertain now, as it was before the award was made, what lands had been conveyed or pledged to Gideon Dennison as collateral security. This part of the award then is void, and the question is, whether that part which directs the payment of money be void also?
That an award may be void in part, and good for the residue, will be readily admitted; but if that part which is void be so connected with the rest as to effect the justice of the case between the parties, the whole is void (Kyd 246). There is great good sense in this distinction. If A. be directed to pay B. $100, and also to do some other act, not well enough defined to be obligatory, there is no reason why B. should not have his $100, because he cannot also get that other thing which was intended for him. But if A. be directed to pay B. $100, and B. to do something for the benefit of A. which is not so defined as to enable A. to obtain it, there is much reason why A. should not pay the $100; since he cannot obtain that which the arbitrators as much intended he should receive, as that he should pay the sum *188 awarded against him. The cause in 2 Saund. 292, is in point. In that case, *410] the arbitrators awarded, that William Pope *should be satisfied and paid by John Brett, the money due and payable to the said William Pope, as well for task-work as for day-work, and then the said William should paid to the said John the sum of £25, lawful money of England. Mutual releases were also awarded. It was admitted, that so much of the award as directed payment to be made for task-work and day-work, was void for uncertainty, inasmuch as the arbitrator had not ascertained how much was to be paid on those accounts; but it was contended, that the award was good for the residue, inasmuch as enough remained to make it mutual. But the court said, "that if the clause of task-work and day-work be void, as it is admitted to be, the whole award is void, for it appears that William Pope was awarded to pay the £25, and to give a general release, upon a supposition by the arbitrator, that he should be paid the task-work and day-work, by virtue of that award, and that not being so, it was not the intention of the arbitrators, as appears by the award itself, that he should pay the money, and give a general release, and yet receive nothing for the task-work and day-work, as by reason of the uncertainty of the award in that part he could not."
The application of this case to that under consideration is complete. The award to reconvey all lands heretofore conveyed or pledged to the plaintiffs by Gideon Dennison, in his lifetime, as collateral security, is as uncertain as the award to pay for task-work and day-work already performed; *411] it was as much *the intention of the arbitrators that the parts of their award which were favorable to the different parties should be dependent on each other in this case, as in the case of Pope v. Brett. The arbitrators never could have designed that Bond and Lyle should get their money, and retain their deposits. In his note upon this case, Sergeant Williams says, "If, by the nullity of the award in any part, one of the parties cannot have the advantage intended him as a recompense or consideration, for that which he is to do to the other, the award is void in the whole." This just principle must always remain a part of the law of awards.
The objection to the part of the award which has been considered, applies equally to that part of it which respects bonds, notes, bills or other securities.
Judgment affirmed.